FILED IN OPEN COURT
U.S.D.C. Atlanta

JUN 16 2021

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# GUILTY PLEA and PLEA AGREEMENT

United States Attorney
Northern District of Georgia

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION
## CRIMINAL NO. 1:20-cr-296-JPB-AJB

The United States Attorney for the Northern District of Georgia ("the Government") and Defendant Darrell Thomas enter into this plea agreement as set forth below in Part IV pursuant to Rules 11(c)(1)(A) & (B) of the Federal Rules of Criminal Procedure. Darrell Thomas, Defendant, having received a copy of the above-numbered Indictment and having been arraigned, hereby pleads GUILTY to Counts 1 and 18.

## I.  ADMISSION OF GUILT

1. The Defendant admits that he is pleading guilty because he is in fact guilty of the crimes charged in Counts 1 and 18.

## II. ACKNOWLEDGMENT & WAIVER OF RIGHTS

2. The Defendant understands that by pleading guilty, he is giving up the right to plead not guilty and the right to be tried by a jury. At a trial, the Defendant would have the right to an attorney, and if the Defendant could not afford an attorney, the Court would appoint one to represent the Defendant at trial and at every stage of the proceedings. During the trial, the Defendant would be presumed innocent and the Government would have the burden of proving him guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the witnesses against him. If the Defendant wished, he could testify on his own behalf and present evidence in his defense, and he

could subpoena witnesses to testify on his behalf. If, however, the Defendant did not wish to testify, that fact could not be used against him, and the Government could not compel him to incriminate himself. If the Defendant were found guilty after a trial, he would have the right to appeal the conviction.

3. The Defendant understands that by pleading guilty, he is giving up all of these rights and there will not be a trial of any kind.

4. By pleading guilty, the Defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could have been filed.

5. The Defendant also understands that he ordinarily would have the right to appeal his sentence and, under some circumstances, to attack the conviction and sentence in post-conviction proceedings. By entering this Plea Agreement, the Defendant may be waiving some or all of those rights to appeal and to collaterally attack his conviction and sentence, as specified below.

6. Finally, the Defendant understands that, to plead guilty, he may have to answer, under oath, questions posed to him by the Court concerning the rights that he is giving up and the facts of this case, and the Defendant's answers, if untruthful, may later be used against him in a prosecution for perjury or false statements.

## III.   ACKNOWLEDGMENT OF PENALTIES

7. The Defendant understands that, based on his plea of guilty, he will be subject to the following maximum and mandatory minimum penalties:

**As to Count 1**

a. Maximum term of imprisonment: 30 years.

b. Mandatory minimum term of imprisonment: None.

c. Term of supervised release: 0 years to 5 years.

d. Maximum fine: $1,000,000.00, or twice the gain or twice the loss, whichever is greatest, due and payable immediately.

e. Full restitution, due and payable immediately, to all victims of the offenses and relevant conduct.

f. Mandatory special assessment: $100.00, due and payable immediately.

g. Forfeiture of any property, real or personal, constituting, or derived from, proceeds the person obtained directly or indirectly, as a result of the offense.

**As to Count 18**

a. Maximum term of imprisonment: 20 years.

b. Mandatory minimum term of imprisonment: None.

c. Term of supervised release: 0 years to 3 years.

d. Maximum fine: $500,000.00, or twice the value of the property involved in the transaction, whichever is greatest, due and payable immediately.

e. Full restitution, due and payable immediately, to all victims of the offenses and relevant conduct.

3

   f.  Mandatory special assessment: $100.00, due and payable immediately.

   g.  Forfeiture of any and all property, real or personal, involved in the offense, or any property traceable to such property.

8. The Defendant understands that, before imposing sentence in this case, the Court will be required to consider, among other factors, the provisions of the United States Sentencing Guidelines and that, under certain circumstances, the Court has the discretion to depart from those Guidelines. The Defendant further understands that the Court may impose a sentence up to and including the statutory maximum as set forth in the above paragraph and that no one can predict his exact sentence at this time.

9. REMOVAL FROM THE UNITED STATES: The Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the Defendant is pleading guilty. Indeed, because the Defendant is pleading guilty to this offense, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the District Court, can predict to a certainty the effect of his conviction on his immigration status. The Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

4

## IV.   PLEA AGREEMENT

10. The Defendant, his counsel, and the Government, subject to approval by the Court, have agreed upon a negotiated plea in this case, the terms of which are as follows:

### Dismissal of Counts

11. The Government agrees that, upon the entry of the Judgment and Commitment Order, any and all remaining counts in the above-styled case still pending against the Defendant shall be dismissed pursuant to Standing Order No. 07-04 of this Court and to Rule 48(a) of the Federal Rules of Criminal Procedure. The Defendant understands that the Probation Office and the Court may still consider the conduct underlying such dismissed counts in determining relevant conduct under the Sentencing Guidelines and a reasonable sentence under Title 18, United States Code, Section 3553(a).

### No Additional Charges

12. The United States Attorney for the Northern District of Georgia agrees not to bring further criminal charges against the Defendant related to the charges to which he is pleading guilty. The Defendant understands that this provision does not bar prosecution by any other federal, state, or local jurisdiction.

### Sentencing Guidelines Recommendations

13. Based upon the evidence currently known to the Government, the Government agrees to make the following recommendations and/or to enter into the following stipulations.

5

**As to Count 1**

**Base/Adjusted Offense Level**

14. The Government agrees to recommend and the Defendant agrees that:

   a. The applicable offense guideline is Section 2B1.1.

   b. The Defendant receive the 20-level upward adjustment pursuant to Section 2B1.1(b)(1)(K) because the amount of loss resulting from the offenses of conviction and all relevant conduct is more than $9,500,000 but less than $25,000,000.

   c. The Defendant receive the 2-level upward adjustment pursuant to Section 2B1.1(b)(2)(A)(i) because the offense involved 10 or more victims.

   d. The Defendant receive the 2-level upward adjustment pursuant to Section 2B1.1(b)(10) because the offense involved sophisticated means and the Defendant intentionally engaged in or caused the conduct constituting sophisticated means.

   e. The Defendant receive the 2-level upward adjustment pursuant to Section 2B1.1(b)(17)(A) because the Defendant derived more than $1,000,000 in gross receipts from one or more financial institutions as a result of the offense.

15. The Government and the Defendant agree that the relevant conduct includes conduct related to the Defendant's participation in a scheme to apply for fraudulent automobile loans.

**Role in the Offense Adjustments**

16. The Government and the Defendant do not have an agreement as to the applicability of an adjustment for the Defendant's role in the offense pursuant to Section 3B1.1(a). The Defendant is aware that the United States intends to argue at sentencing that a 4-level upward adjustment applies and to offer evidence to the Court in support of that argument.

**Obstruction & Related Adjustments**

17. The Government agrees to recommend and the Defendant agrees that:

 a. The Defendant receive the 2-level upward adjustment pursuant to Section 3C1.1 because the Defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction and the obstructive conduct related to the Defendant's offense of conviction and any relevant conduct.

**As to Count 18**

**Base/Adjusted Offense Level**

18. The Government agrees to recommend and the Defendant agrees that:

 a. The applicable offense guideline is Section 2S1.1.

 b. The Base Offense level for the underlying offense from which the laundered funds were derived is 33.

 c. The Defendant receive the 2-level upward adjustment pursuant to Section 2S1.1(b)(2)(B) because he is pleading guilty to a violation of 18 U.S.C. § 1956.

    d.  The Defendant not receive the 2-level upward adjustment pursuant to Section 2S1.1(b)(3) for offenses involving sophisticated laundering.

**Role in the Offense Adjustments**

19. The Government and the Defendant do not have an agreement as to the applicability of an adjustment for the Defendant's role in the offense pursuant to Section 3B1.1(a). The Defendant is aware that the United States intends to argue at sentencing that a 4-level upward adjustment applies and to offer evidence to the Court in support of that argument.

**Obstruction & Related Adjustments**

20. The Government agrees to recommend and the Defendant agrees that:

    a.  The Defendant receive the 2-level upward adjustment pursuant to Section 3C1.1 because the Defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction and the obstructive conduct related to the Defendant's offense of conviction and any relevant conduct.

**Multiple Counts Grouping Adjustments**

21. The Government will recommend and the Defendant agrees that:

    a.  The Defendant not receive any adjustment pursuant to Section 3D1.4.

**Acceptance of Responsibility**

22. The Government will recommend that the Defendant receive an offense level adjustment for acceptance of responsibility, pursuant to Section 3E1.1, to the maximum extent authorized by the guideline. However, the Government will not be required to recommend acceptance of responsibility if, after entering this Plea Agreement, the Defendant engages in conduct inconsistent with accepting responsibility. Thus, by way of example only, should the Defendant falsely deny or falsely attempt to minimize the Defendant's involvement in relevant offense conduct, give conflicting statements about the Defendant's involvement, fail to pay the special assessment, fail to meet any of the obligations set forth in the Financial Cooperation Provisions set forth below, or participate in additional criminal conduct, including unlawful personal use of a controlled substance, the Government will not be required to recommend acceptance of responsibility.

## Right to Answer Questions, Correct Misstatements, and Make Recommendations

23. The parties reserve the right to inform the Court and the Probation Office of all facts and circumstances regarding the Defendant and this case, and to respond to any questions from the Court and the Probation Office and to any misstatements of fact or law. Except as expressly stated elsewhere in this Plea Agreement, the parties also reserve the right to make recommendations regarding application of the Sentencing Guidelines. The parties understand, acknowledge, and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed.

## Right to Modify Recommendations

24. With regard to the Government's recommendation as to any specific application of the Sentencing Guidelines as set forth elsewhere in this Plea Agreement, the Defendant understands and agrees that, should the Government obtain or receive additional evidence concerning the facts underlying any such recommendation, the Government will bring that evidence to the attention of the Court and the Probation Office. In addition, if the additional evidence is sufficient to support a finding of a different application of the Guidelines, the Government will not be bound to make the recommendation set forth elsewhere in this Plea Agreement, and the failure to do so will not constitute a violation of this Plea Agreement.

## Cooperation

**General Requirements**

25. The Defendant agrees to cooperate truthfully and completely with the Government, including being debriefed and providing truthful testimony at any proceeding resulting from or related to the Defendant's cooperation. The Defendant agrees to so cooperate in any investigation or proceeding as requested by the Government. The Defendant agrees that the Defendant's cooperation shall include, but not be limited to:

a. producing all records, whether written, recorded, electronic, or machine readable, in his actual or constructive possession, custody, or control, of evidentiary value or requested by attorneys and agents of the Government;

b.  making himself available for interviews, not at the expense of the Government if he is on bond, upon the request of attorneys and agents of the Government;

c.  responding fully and truthfully to all inquiries of the Government in connection with any investigation or proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making false statements (18 U.S.C. § 1001), obstruction of justice (18 U.S.C. § 1503) and related offenses; and

d.  when called upon to do so by the Government in connection with any investigation or proceeding, testifying in grand jury, trial, and other judicial proceedings, fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401 - 402), obstruction of justice (18 U.S.C. § 1503), and related offenses.

The Defendant understands that the Government alone will determine what forms of cooperation to request from the Defendant, and the Defendant agrees that the Defendant will not engage in any investigation that is not specifically authorized by the Government.

**Consent to Contact**

26. The Defendant and the Defendant's counsel agree that Government attorneys and law enforcement agents may contact the Defendant without

notifying and outside the presence of the Defendant's counsel for purposes relevant to the Defendant's cooperation.

**Section 1B1.8 Protection**

27. Pursuant to Section 1B1.8 of the Sentencing Guidelines, the Government agrees that any self-incriminating information that was previously unknown to the Government and is provided to the Government by the Defendant in connection with the Defendant's cooperation and as a result of this Plea Agreement will not be used in determining the applicable sentencing guideline range, although such information may be disclosed to the Probation Office and the Court. The Government also agrees not to bring additional charges against the Defendant, with the exception of charges resulting from or related to violent criminal activity, based on any information provided by the Defendant in connection with cooperation that was not known to the Government prior to the cooperation. However, if the Government determines that the Defendant has not been completely truthful and candid in his cooperation with the Government, he may be subject to prosecution for perjury, false statements, obstruction of justice, and any other appropriate charge, and all information the Defendant has provided may be used against the Defendant in such a prosecution. Furthermore, should the Defendant withdraw his guilty plea in this case and proceed to trial, the Government is free to use any statements and/or other information provided by the Defendant, pursuant to the Defendant's cooperation, as well as any information derived therefrom, during any trial or other proceeding related to the Government's prosecution of the Defendant for the offense(s) charged in the above-numbered Counts 1 and 18.

12

**Conditional Section 5K/Rule 35 Motion**

28. The Government agrees to make the extent of the Defendant's cooperation known to the sentencing court. In addition, if the cooperation is completed before sentencing and the Government determines that such cooperation qualifies as "substantial assistance" pursuant to Title 18, United States Code, Section 3553(e) and/or Section 5K1.1 of the Sentencing Guidelines, the Government will file a motion at sentencing recommending a downward departure from the applicable guideline range. If the cooperation is completed after sentencing and the Government determines that such cooperation qualifies as "substantial assistance" pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, the Government will file a motion for reduction of sentence. In either case, the Defendant understands that the determination as to whether the Defendant has provided "substantial assistance" rests solely with the Government. Good faith efforts by the Defendant that do not substantially assist in the investigation or prosecution of another person who has committed a crime will not result in either a motion for downward departure or a Rule 35 motion. The Defendant also understands that, should the Government decide to file a motion pursuant to this paragraph, the Government may recommend any specific sentence, and the final decision as to what credit, if any, the Defendant should receive for the Defendant's cooperation will be determined by the Court. If the Defendant fails to cooperate truthfully and completely, or if the Defendant engages in additional criminal conduct or other conduct inconsistent with cooperation, the Defendant will not be entitled to any consideration whatsoever pursuant to this paragraph.

13

## Sentencing Recommendations

**Specific Sentence Recommendation**

29. Unless the Defendant engages in conduct inconsistent with accepting responsibility, as described more fully in paragraph 22, the Government agrees to recommend that the Defendant be sentenced at the low end of the adjusted guideline range.

**Fine--No Recommendation as to Amount**

30. The Government agrees to make no specific recommendation as to the amount of the fine to be imposed on the Defendant within the applicable guideline range.

**Restitution**

31. The Defendant agrees to pay $14,748,786.35 as restitution, plus applicable interest, to the Clerk of Court for distribution to the following victims of the offenses to which he is pleading guilty and all relevant conduct, including, but not limited to, any counts dismissed as a result of this Plea Agreement:

| | |
|---|---|
| Harvest Small Business Finance | $2,285,341.68 |
| Cross River Bank | $2,393,113.19 |
| Celtic Bank | $781,638.61 |
| Customers Bank | $1,456,940 |
| CDC Small Business Finance | $3,902,341.04 |
| Small Business Administration | $1,524,619.83 |
| Digital Federal Credit Union | $227,365.00 |
| BB&T | $40,000.00 |
| Navy Federal Credit Union | $104,000.00 |

14

| | |
|---|---|
| Del Norte Bank | $57,000.00 |
| USAA | $30,800.00 |
| Bank of America | $140,000.00 |
| State Farm Bank | $527,127.00 |
| Regions Bank | $85,000.00 |
| PNC Bank | $1,193,500.00 |

**Forfeiture**

32. The Defendant acknowledges that each asset listed below is subject to forfeiture pursuant to 18 U.S.C. §§ 982(a)(1) and 982(a)(2) and agrees that he shall immediately forfeit to the United States any property, real or personal, involved in the commission of the offenses in Counts 1 and 18, any property traceable to such property, and any property constituting, or derived from, proceeds obtained directly or indirect as the result of the offenses, including, but not limited to, the following:

    a. **REAL PROPERTY:**

        i. 2789 FLAGSTONE DRIVE SE, DEKALB COUNTY, ATLANTA GEORGIA 30316 [Parcel ID No.: 15 116 09 098] All that tract or parcel of land lying and being in Land Lot 116 of the 15th District, DeKalb County, Georgia, being Lot 38, Block B, Bouldercrest Acres Subdivision, Unit Six-B, as per plat recorded in plat book 25, page 31, DeKalb County, Georgia records, which plat is incorporated herein and made a part hereof by reference.

        ii. 2795 FLAGSTONE DRIVE SE, DEKALB COUNTY, ATLANTA GEORGIA 30316 [Parcel ID No.: 15 116 09 099] All

15

that tract or parcel of land lying and being in Land Lot 116 of the 15th District, DeKalb County, Georgia, being Lot 37, Block B, Bouldercrest Acres Subdivision, Unit Six-B, as per plat recorded in plat book 25, page 31, DeKalb County, Georgia records, which plat is incorporated herein and made a part hereof by reference.

iii.  <u>1806 STONEY CREEK DRIVE SE, DEKALB COUNTY, ATLANTA GEORGIA 30316</u> [Parcel ID No.: 15 141 02 153] All that tract or parcel of land lying and being in Land Lot 141 of the 15th District, DeKalb County, Georgia, being Lot 36, Block A, Preserve at East Atlanta, Unit 1, as per plat recorded in plat book 186, page 1, DeKalb County, Georgia records, which plat is incorporated herein and made a part hereof by reference.

b. **FUNDS:**

i.  $1,113,113.97 in funds seized from Bank of America account number ending in 4823 held in the name of Elite Executive Services, Inc.

ii.  $536,875.00 in funds seized from Bank of America account number ending in 8102 held in the name of Bellator Phront Group, Inc.

iii.  $341,151.47 in funds seized from Bank of America account number ending in 3940 held in the name of Bellator Phront Group, Inc.

iv.  $131,610.00 in U.S. Currency.

16

c. **VEHICLES:**

    i. One 2018 Mercedes-Benz S-Class S65AMG, VIN WDDUG7KBJA408046.

    ii. One 2018 Land Rover Range Rover, VIN SALGW2SE2JA503793.

    iii. One 2017 Acura NSX, VIN 19UNC1B08HY000536.

d. **JEWELRY:**

    i. Men's yellow gold Rolex with diamond bezel and dial.

    ii. 18K yellow gold Cuban link necklace with diamonds in clasp.

    iii. 18K yellow gold Cuban link bracelet with diamonds in clasp.

33. The Defendant waives and abandons all right, title, and interest in all of the property listed above (referred to hereafter, collectively, as the Subject Property) and agrees to the administrative or judicial forfeiture of the Subject Property. In addition, the Defendant waives and abandons his interest in any other property that may have been seized in connection with this case. The Defendant agrees to the administrative or judicial forfeiture or the abandonment of any seized property.

34. The Defendant agrees to take all steps requested by the United States to facilitate transfer of title of the Subject Property, including providing and endorsing title certificates, or causing others to do the same where third parties hold nominal title on the Defendant's behalf, to a person designated by the United States. The Defendant agrees to take all steps necessary to ensure that the Subject Property is not hidden, sold, wasted, destroyed, or otherwise made unavailable for forfeiture. The Defendant agrees not to file any claim, answer, or

17

petition for remission or restitution in any administrative or judicial proceeding pertaining to the Subject Property, and if such a document has already been filed, the Defendant hereby withdraws that filing.

35. The Defendant agrees to hold the United States and its agents and employees harmless from any claims made in connection with the seizure, forfeiture, or disposal of property connected to this case. The Defendant acknowledges that the United States will dispose of any seized property, and that such disposal may include, but is not limited to, the sale, release, or destruction of any seized property, including the Subject Property. The Defendant agrees to waive any and all constitutional, statutory, and equitable challenges in any manner (including direct appeal, a Section 2255 petition, habeas corpus, or any other means) to the seizure, forfeiture, and disposal of any property seized in this case, including the Subject Property, on any grounds.

36. The Defendant acknowledges that he is not entitled to use forfeited assets, including the Subject Property, to satisfy any fine, restitution, cost of imprisonment, tax obligations, or any other penalty the Court may impose upon the Defendant in addition to forfeiture. However, the United States Attorney's Office for the Northern District of Georgia will recommend to the Chief of the Money Laundering and Asset Recovery Section (MLARS) of the United States Department of Justice that property forfeited in this case, or any related civil forfeiture case, be used to compensate the victim(s) specified in the restitution order, provided that the Government determines that the requirements for restoration as set forth in MLARS Asset Forfeiture Policy Manual (2021), Section II.B.3, are met. The Defendant understands that the decision on any petition for

18

remission or request for restoration is not within the ultimate control of the
United States Attorney's Office, and that final approval for any restoration
decisions is retained by MLARS.

37. The Defendant consents to the Court's entry of a preliminary order of
forfeiture against the Subject Property, which will be final as to him, a part of his
sentence, and incorporated into the judgment against him.

### Financial Cooperation Provisions

**Special Assessment**

38. The Defendant agrees that he will pay a special assessment in the amount
of $200 by money order or certified check made payable to the Clerk of Court,
U.S. District Court, 2211 U.S. Courthouse, 75 Ted Turner Drive SW, Atlanta,
Georgia 30303, by the day of sentencing. The Defendant agrees to provide proof
of such payment to the undersigned Assistant United States Attorney upon
payment thereof.

**Fine/Restitution - Terms of Payment**

39. The Defendant agrees to pay any fine and/or restitution, plus applicable
interest, imposed by the Court to the Clerk of Court for eventual disbursement to
the appropriate account and/or victim(s). The Defendant also agrees that the full
fine and/or restitution amount shall be considered due and payable
immediately. If the Defendant cannot pay the full amount immediately and is
placed in custody or under the supervision of the Probation Office at any time,
he agrees that the custodial agency and the Probation Office will have the
authority to establish payment schedules to ensure payment of the fine and/or
restitution. The Defendant understands that this payment schedule represents a

minimum obligation and that, should the Defendant's financial situation establish that he is able to pay more toward the fine and/or restitution, the Government is entitled to pursue other sources of recovery of the fine and/or restitution. The Defendant further agrees to cooperate fully in efforts to collect the fine and/or restitution obligation by any legal means the Government deems appropriate. Finally, the Defendant and his counsel agree that the Government may contact the Defendant regarding the collection of any fine and/or restitution without notifying and outside the presence of his counsel.

**Financial Disclosure**

40. The Defendant agrees that the Defendant will not sell, hide, waste, encumber, destroy, or otherwise devalue any such asset worth more than $500 before sentencing, without the prior approval of the Government. The Defendant understands and agrees that the Defendant's failure to comply with this provision of the Plea Agreement should result in the Defendant receiving no credit for acceptance of responsibility.

41. The Defendant agrees to cooperate fully in the investigation of the amount of forfeiture, restitution, and fine; the identification of funds and assets in which he has any legal or equitable interest to be applied toward forfeiture, restitution, and/or fine; and the prompt payment of restitution or a fine.

42. The Defendant's cooperation obligations include: (A) fully and truthfully completing the Department of Justice's Financial Statement of Debtor form, and any addenda to said form deemed necessary by the Government, within ten days of the change of plea hearing; (B) submitting to a financial deposition or interview (should the Government deem it necessary) prior to sentencing

regarding the subject matter of said form; (C) providing any documentation within his possession or control requested by the Government regarding his financial condition and that of his household; (D) fully and truthfully answering all questions regarding his past and present financial condition and that of his household in such interview(s); and (E) providing a waiver of his privacy protections to permit the Government to access his credit report and tax information held by the Internal Revenue Service.

43. So long as the Defendant is completely truthful, the Government agrees that anything related by the Defendant during his financial interview or deposition or in the financial forms described above cannot and will not be used against him in the Government's criminal prosecution. However, the Government may use the Defendant's statements to identify and to execute upon assets to be applied to the fine and/or restitution in this case. Further, the Government is completely free to pursue any and all investigative leads derived in any way from the interview(s)/deposition(s)/financial forms, which could result in the acquisition of evidence admissible against the Defendant in subsequent proceedings. If the Defendant subsequently takes a position in any legal proceeding that is inconsistent with the interview(s)/deposition(s)/ financial forms–whether in pleadings, oral argument, witness testimony, documentary evidence, questioning of witnesses, or any other manner–the Government may use the Defendant's interview(s)/deposition(s)/financial forms, and all evidence obtained directly or indirectly therefrom, in any responsive pleading and argument and for cross-examination, impeachment, or rebuttal evidence. Further, the Government may also use the Defendant's

interview(s)/deposition(s)/financial forms to respond to arguments made or issues raised sua sponte by the Magistrate or District Court.

## Recommendations/Stipulations Non-binding

44. The Defendant understands and agrees that the recommendations of the Government incorporated within this Plea Agreement, as well as any stipulations of fact or guideline computations incorporated within this Plea Agreement or otherwise discussed between the parties, are not binding on the Court and that the Court's failure to accept one or more of the recommendations, stipulations, and/or guideline computations will not constitute grounds to withdraw his guilty plea or to claim a breach of this Plea Agreement.

## Limited Waiver of Appeal

45. LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or upward variance above the sentencing guideline range as calculated by the District Court. Claims that the Defendant's counsel rendered constitutionally ineffective assistance are excepted from this waiver. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

## Miscellaneous Waivers

**FOIA/Privacy Act Waiver**

46. The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

## No Other Agreements

47. There are no other agreements, promises, representations, or understandings between the Defendant and the Government.

In Open Court this 6th day of June, 2021.

_____          _____
SIGNATURE (Defendant's Attorney)          SIGNATURE (Defendant)
Benjamin Black Alper                      Darrell Thomas

_____
SIGNATURE (Assistant U.S. Attorney)
Tal C. Chaiken

_____
SIGNATURE (Assistant U.S. Attorney)
Nathan P. Kitchens

_____
SIGNATURE (Approving Official)
Stephen H. McClain

23

DANIEL S. KAHN (ACTING CHIEF, FRAUD SECTION)

*Siji Moore*

SIGNATURE (Trial Attorney)
Babasijibomi Moore

I have read the Indictment against me and have discussed it with my attorney. I understand the charges and the elements of each charge that the Government would have to prove to convict me at a trial. I have read the foregoing Plea Agreement and have carefully reviewed every part of it with my attorney. I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them. I also have discussed with my attorney the rights I may have to appeal or challenge my conviction and sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement. The discussions between my attorney and the Government toward reaching a negotiated plea in this case took place with my permission. I am fully satisfied with the representation provided to me by my attorney in this case.

_____     6/16/21
SIGNATURE (Defendant)               _____
Darrell Thomas                      DATE

25

I am Darrell Thomas's lawyer. I have carefully reviewed the charges and the Plea Agreement with my client. To my knowledge, my client is making an informed and voluntary decision to plead guilty and to enter into the Plea Agreement.

_____     6/16/21
SIGNATURE (Defendant's Attorney)     DATE
Benjamin Black Alper

Benjamin Black Alper                          Darrell Thomas
The Law Offices of Howard J.
Weintraub, P.C.
1355 Peachtree St. NE
Suite 1250
Atlanta, GA 30309

940406_____State Bar of Georgia Number

Filed in Open Court

This ___ day of _____, 20__

By _____

26

U. S. DEPARTMENT OF JUSTICE

Statement of Special Assessment Account

This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
|---|---|
| CRIMINAL ACTION NO.: | 1:20-cr-296-JPB-AJB |
| DEFENDANT'S NAME: | DARRELL THOMAS |
| PAY THIS AMOUNT: | $200 |

Instructions:

1. Payment must be made by **certified check** or **money order** payable to:
   Clerk of Court, U.S. District Court
   **\*personal checks will not be accepted\***
2. Payment must be made to the clerk's office by the day of sentencing.
3. Payment should be sent or hand delivered to:
   Clerk, U.S. District Court
   2211 U.S. Courthouse
   75 Ted Turner Drive SW
   Atlanta, Georgia 30303
   (Do Not Send Cash)
4. Include the defendant's name on **certified check** or **money order.**
5. Enclose this coupon to insure proper and prompt application of payment.
6. Provide proof of payment to the above-signed AUSA within 30 days of the guilty plea.